IN THE CIRCUIT COURT FOR MADISON COUNTY, TENNESSEE
AT JACKSON

| | |
|---|---|
| THE ZION CHURCH, | |
| Plaintiff, | |
| v. | Case No. C-15-221 |
| CHURCH MUTUAL INSURANCE COMPANY, | JURY DEMAND Div I |
| Defendant. | |

**COMPLAINT**

COMES NOW the Plaintiff, The Zion Church, and for its Complaint against Church Mutual Insurance Company would state and show as follows:

## PARTIES AND JURISDICTION

1.  The Zion Church (the "Church") is a Tennessee non-profit corporation, with its principal place of business (a house of worship) located at 2970 Old Medina Road, Jackson, Tennessee (the "Insured Premises").

2.  Church Mutual Insurance Company ("Church Mutual") is an insurance company conducting business in the State of Tennessee, with its principal place of business located at 3000 Schuster Lane, Merrill, Wisconsin 54452.

3.  This Complaint originates as the result of storm events that damaged the improvements and other property located at the Insured Premises, and Church Mutual's unlawful actions in refusing to properly investigate, adjust, and pay the Church's claims.

4.  Jurisdiction and venue are proper in this Court.

EXHIBIT 2

## FACTS

5. At all times relevant hereto, the Church was an insured policyholder in an insurance contract whereby Church Mutual agreed to insure the Insured Premises against property damage, being Policy No. 0301351-02-577646 (the "Policy"). The Policy is incorporated herein by reference as if set forth verbatim.

6. At all times relevant hereto, the Insured Premises consisted of three structures used and maintained as an office, storage, and as a place of worship and fellowship by members and guests of the Church.

7. The Policy provided insurance coverage for losses to the Insured Premises caused by wind, hail, and water.

8. Pursuant to the Policy and at all times relevant to this Complaint, the Church paid a premium to Church Mutual in exchange for insurance coverage as set forth in the Policy. The Church paid the required premiums at all times relevant to this Complaint.

9. On or about May 30, 2013 and again on or around April 17, 2014, the structures located at the Insured Premises were damaged by wind, hail, and associated water damage as the result of storm events that hit the area (collectively hereafter the "Losses").

10. The promptly reported the Loss to Southern Mutual when discovered.

11. The Church has mitigated its losses to the extent possible.

12. The Policy was in full force and effect at the time of the Losses, and the Losses are compensable claims under the terms of the Policy. As it relates to the Losses, there are no applicable exclusions.

13. After the Losses, the Church fulfilled all duties imposed upon it by the Policy.

14. Church Mutual has admitted and represented to the Church that the Losses are compensable claims, and a portion of the Church's claims as a result of the Losses have in fact been paid.

15. Church Mutual has failed to fully compensate the Church for the amount owed under the Policy as a result of the Losses.

16. Church Mutual's refusal to timely pay the Church the amount owed it pursuant to the Policy is without justification.

17. Church Mutual's refusal to pay the money and benefits due and owing the Church under the Policy has caused it to initiate this Complaint to recover the insurance proceeds to which it is entitled.

18. As a direct and proximate cause of Church Mutual's actions/inactions, the Church has sustained substantial compensable losses, including all amounts due the Church under the Policy and other such costs and expenses incurred as a result of Church Mutual's conduct.

19. The parties have executed a Tolling Agreement to extend the limitations period applicable to the 2013 loss by a period of sixty (60) days.

## CAUSES OF ACTION

### Count I – Breach of Contract

20. The allegations contained in paragraphs 1-19 of this Complaint are incorporated herein by reference, as if set forth verbatim.

21. The Policy is a binding contract and is supported by valid consideration.

22. Church Mutual is in total, material breach of the Policy and Church Mutual is liable to the Church under the Policy for the Losses. Specifically, Church Mutual's breach of contract includes without limitation, its failure and refusal to pay all of the Church's losses that

were covered under the terms of the Policy, including, but not limited to, payments owed to the Church for all compensable claims under the Policy resulting from the Losses.

23. As a result of Church Mutual's breach of contract, the Church has sustained substantial compensable losses for the amounts claimed under the Policy, plus interest thereon.

24. Church Mutual's actions and breaches have further caused the Church great and substantial harm due to the fact that it has been unable to replace much of the damage caused by the Losses as a result of the financial hardship unduly placed upon it as a direct and proximate result of Church Mutual's failure to pay the Church the proper amounts as required by the Policy.

25. Church Mutual is liable to the Church for its losses.

26. Church Mutual's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 2013 Tenn. App. LEXIS 712, *47 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Church Mutual intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of the Church's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation of the Church's claim; (3) unjustly refused to pay the Church's claim for its own financial preservation with no reasonable or justifiable basis; (4) deducted multiple deductibles from its partial payments with no contractual basis; (5) misrepresented the nature and extent of the damage; (6) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; (7) failed to treat the Church's interests equal to that of its own; (8) attempted to trick the Church into accepting a payment amount that was substantially less than was owed; (9) failed to promptly provide the Church with a reasonable explanation for its refusal to fully

pay the Church's claim; (10) failed to communicate with the Church to keep it apprised of the status of its claim; (11) refused to properly compensate the Church for the claim on the basis that there was an agreed scope when no such agreement exists and when the Church has a contractual and legal right to submit a supplemental claim; (12) ignored damage to the Insured Premises during its inspections and failed to compensate the Church for damage caused by the Church that it knew the Church was unware; and (13) engaged in such other acts toward the Church that amount to acts of baseness, vileness, and/or depravity that are contrary to the duties owed to the Church.

WHEREFORE, as a result of the foregoing, the Church would respectfully request that proper process be issued and served on Church Mutual requiring it to answer or otherwise respond in the time period allotted by law, and that this Honorable Court award judgment against Church Mutual as follows:

A. For compensatory damages not to exceed $400,000.00;

B. For punitive damages not to exceed $4,000,000.00;

C. For all costs incurred as a result of this action;

D. For pre- and post-judgment and interest; and

E. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

The Church demands a jury of its peers.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT PLC

*/s/ J. Brandon McWherter*

J. BRANDON McWHERTER #21600
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
(615) 354-1144
bmcwherter@gilbertfirm.com

and

CLINT H. SCOTT #23008
101 North Highland Ave.
Jackson, Tennessee 38301
(731) 664-1340
cscott@gilbertfirm.com

## COST BOND

The Firm stands as surety for this cause.

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT PLC

*/s/ Clint Scott*

THE STATE OF TENNESSEE, MADISON COUNTY COPY
CIRCUIT COURT

| | |
|---|---|
| THE ZION CHURCH | SUMMONS IN A CIVIL ACTION |
| Plaintiff, | NO. C-15-221 Div I |
| vs. | Address: |
| CHURCH MUTUAL INSURANCE COMPANY, | CHURCH MUTUAL INSURANCE CO.<br>c/o Commissioner of Insurance<br>500 James Robertson Parkway |
| Defendant. | Nashville, TN 37243<br>PLEASE SERVE THROUGH THE<br>COMMISSIONER OF INSURANCE |

To the above named Defendant(s):

You are hereby summoned and required to answer, in writing, the Complaint which is herewith served upon you, and to serve a copy of same upon **J. Brandon McWherter, Gilbert Russell McWherter Scott & Bobbitt PLC**, who is Plaintiff's Attorney, whose address is **341 Cool Springs Blvd., Suite 230, Franklin, TN 37067**, within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, a judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this \_\_21\_\_ day of \_\_\_July\_\_\_, 2015.

By: _____
Deputy Clerk

---

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the \_\_\_\_ day of _____, 2015, I served this summons together with a copy of the complaint herein as follows: _____

_____

_____
Sheriff

_____
Deputy Sheriff



IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE, PLEASE CALL 731-988-3070

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

FILED
AUG 1 0 2015
KATHY BLOUNT, CIRCUIT COURT CLERK
11:58 DEPUTY CLERK
A.M. _____ P.M.

July 28, 2015

Church Mutual Insurance Company
2908 Poston Ave. C/O Corp. Service Co.
Nashville, TN 37203
NAIC # 18767

Certified Mail
Return Receipt Requested
7012 3460 0002 8950 2229
Cashier # 21292

Re:  The Zion Church V. Church Mutual Insurance Company

Docket # C-15-221 DIV 1

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served July 27, 2015, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Madison County
    515 South Liberty
    Jackson, Tn 38301

ORIGINAL
IF THIS STAMP IS NOT IN
RED, IT IS NOT AN ORIGINAL

## THE STATE OF TENNESSEE, MADISON COUNTY CIRCUIT COURT

| | |
|---|---|
| THE ZION CHURCH | SUMMONS IN A CIVIL ACTION |
| Plaintiff, | NO. C-15-221 Div I |
| vs. | Address: |
| CHURCH MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CHURCH MUTUAL INSURANCE CO.<br>c/o Commissioner of Insurance<br>500 James Robertson Parkway<br>Nashville, TN 37243<br>PLEASE SERVE THROUGH THE<br>COMMISSIONER OF INSURANCE |

To the above named Defendant(s):

You are hereby summoned and required to answer, in writing, the Complaint which is herewith served upon you, and to serve a copy of same upon **J. Brandon McWherter, Gilbert Russell McWherter Scott & Bobbitt PLC,** who is Plaintiff's Attorney, whose address is **341 Cool Springs Blvd., Suite 230, Franklin, TN 37067**, within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, a judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this __21__ day of __July__, 2015.

By: _____
Deputy Clerk

---

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 2015, I served this summons together with a copy of the complaint herein as follows: _____

_____

_____

_____

_____
Sheriff

_____
Deputy Sheriff

IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE, PLEASE CALL 731-988-3070